711 N.E.2d 872 (1999)
In re the Matter of the Termination of the Parent-child Relationship J.J., Child.
Shannon E. Jones, Appellant-Defendant,
v.
Tippecanoe County Division of Family and Children, Appellee-Plaintiff.
No. 79A02-9810-JV-778.
Court of Appeals of Indiana.
June 8, 1999.
*873 Michael B. Troemel, Lafayette, Indiana, Attorney for Appellant.
Edward J. Nemeth, Gambs, Mucker & Bauman, Lafayette, Indiana, Attorney for Appellee.

OPINION
FRIEDLANDER, Judge.
Shannon Jones appeals the termination of his parental rights with respect to his daughter, J.J. The sole issue presented by Jones upon appeal is the sufficiency of the evidence supporting the court's determination.
We affirm.
The facts favorable to the judgment are that J.J. was born on January 18, 1996 and was adjudicated a child in need of services (CHINS) by the Tippecanoe Superior Court III on September 23, 1996. There was evidence presented at the hearing showing that Rachel Rayburn, the child's mother, was in a perpetual state of crisis and entered into abusive relationships with men. There was also evidence that J.J. suffered from Shaken Baby Syndrome and that her parents were unable to provide a safe, stable, environment for J.J. Pursuant to a dispositional order, the child was removed from her parents and placed in licensed foster care under the Tippecanoe County Office of Family and Children (TCOFC).
At the dispositional hearing, the court ordered Jones to do the following: (1) Complete a psychological evaluation to determine both the appropriate services he should receive, as well as the level of contact he should have with J.J.; (2) complete the SHARE program to help him with anger management; (3) undergo random drug screenings in order to ensure abstinence from alcohol and other drugs; and (4) participate in supervised visitation upon the recommendation of psychologists. An August 9, 1997 dispositional review hearing was held and Jones failed to appear. At the hearing, the court found that Jones did not complete his psychological evaluation until April 1997. The evaluation recommended that Jones complete several educational and counseling programs before commencing visitation. Pursuant to these recommendations, the TCOFC made several referrals for Jones to attend certain individual counseling and parenting classes. Jones failed to attend those classes and also failed to attend the SHARE program designed to address his problem with anger management.
At the termination of parental rights hearing held on September 1, 1998, Jones testified that he had lived in numerous homes and had several different jobs over the previous eighteen months. He admitted that he was present at the hearing where the services were ordered by the court and acknowledged receiving an order to that effect. He further admitted that he knew that participation in the services ordered by the court was necessary if he was to have contact with his daughter. He was unable to offer a discernible justification for having failed to complete the SHARE program.[1] Finally, Jones admitted that there was no good reason that he *874 delayed nine months before beginning the evaluation. Following a hearing, the court terminated Jones's parental rights.
Jones contends that the evidence was insufficient to support the termination of his parental rights. When reviewing the findings and conclusions upon which a termination of parental rights is premised, we engage in a two-tiered standard of review. We first determine whether the evidence supports the findings, and second, whether the findings support the judgment. Hallberg v. Hendricks County Office of Family and Children, 662 N.E.2d 639 (Ind.Ct.App.1996). We will reverse only upon a showing of clear error. Id.
The court's judgment was accompanied by the following findings and conclusions:
5. It was established by clear and convincing evidence that the allegations of the Petition are true, in that:
a) The child, J.J., born January 18, 1996, has been removed from her biological father, Shannon Edward Jones, for a period of at least six months pursuant to a dispositional order of this Court dated September 23, 1996 under the docket number 79D03-9607-JC-00241.
b) There is a reasonable probability that the conditions which resulted in the removal of J.J. or the reasons for placement outside the father's home will not be remedied in that pursuant to the dispositional order of this Court, J.J. was determined to be a child in need of services having been diagnosed with Shaken Baby Syndrome and because of inability of parents to provide a safe, stable environment for her. Court ordered on September 23, 1996 that Shannon Edward Jones complete a psychological evaluation by Dr. Jeff Vanderwater-Piercy, to determine appropriate services as well as level of contact with his daughter J.J.; that he complete the SHARE Program, to help him understand and learn to implement anger management; that he submit to and pass random drug screens, in order to ensure abstinence from alcohol and other drugs, and that he have supervised visitation with J.J. and The Counseling Center as recommended by Dr. Vanderwater-Piercy. Despite Court Order, Shannon Jones failed to contact Dr. Vanderwater-Piercy until April 2, 1997. After three (3) appointments, Dr. Vanderwater-Piercy was able to complete the evaluation recommending again that Shannon Jones complete the SHARE Program as well as Parenting Classes prior to initiation of contact with his daughter; further, that Shannon Jones be involved with individual counseling. Shannon Jones has a history of violence and substance abuse, evidenced by three battery convictions. Shannon Jones has been ordered to complete the SHARE Program, a program to deal with anger management and violence on three occasions, two of which were through criminal court dispositions and one of which was through this Court in the CHINS disposition, yet Shannon Jones has failed to complete that Program to date. Shannon Jones has failed to complete any services and has not seen his daughter since prior to J.J.'s removal in July, 1996. Shannon Jones further demonstrates a pattern of instability in relationships, employment, and housing. Mr. Jones's care of his daughter was limited both in time and involvement and was determined by this Court to be unacceptable. He has paid no support for J.J., nor has he paid any reimbursement although Ordered by the Court. Court finds that Shannon Edward Jones has abandoned his daughter J.J. In the alternative, Court further finds continuance of the parent-child relationship poses a threat to the well-being of the child, in that Shannon Edward Jones has never established a relationship with his daughter, nor demonstrated any desire to do so since September, 1996.
c) Termination is in the best interest of the child, in that she is two and one-half (2½) years of age and has been removed from the care of her father for two of said years with no contact between herself and her biological father; and her father has chosen not to parent her.
d) County Office of Family and Children has a satisfactory plan for the care and *875 treatment of this child, that being adoption with her sibling.
Record at 44-47.
We are satisfied after reviewing the record that the evidence supports the findings. There was ample evidence that need not be recited here to support the findings concerning Jones's history of violent and abusive behavior, as well as his history of substance abuse. There was medical evidence to support the finding that J.J. suffered from Shaken Baby Syndrome. Finally, Jones did not dispute that he had failed to maintain contact with J.J. and did not comply with the court's order with respect to undergoing a psychological evaluation and participating in court-ordered services whose ultimate purpose was to reunite Jones with his daughter. To the contrary, Jones admitted his noncompliance, but offered no explanations for such failure. The evidence supports the findings.
We address here another, related argument made by Jones in which Jones urges us to "address the underlying procedures of the CHINS court." Appellant's Brief at 9. The "procedure" to which he alludes was the fact that the trial court restricted Jones's visitation with J.J. pending a psychiatric examination, and then cited Jones's failure to visit the child as a factor in its decision to terminate his parental rights. Jones contends that the visitation restriction "helped shape the father's failure to progress." Appellant's Brief at 8. Jones claims that the restriction portion of the visitation order violated Ind.Code Ann. § 31-6-4-15.3, which was recently repealed and is now codified at Ind.Code Ann. § 31-34-19-6 (West 1999). IC § 31-34-19-6 states:
If consistent with the safety of the community and the best interest of the child, the juvenile court shall enter a dispositional decree that:
(1) is:
(A) in the least restrictive (most family like) and most appropriate setting available; and
(B) close to the parents' home, consistent with the best interest and special needs of the child;
(2) least interferes with family autonomy;
(3) is least disruptive of family life;
(4) imposes the least restraint on the freedom of the child and the child's parent, guardian, or custodian; and
(5) provides a reasonable opportunity for participation by the child's parent, guardian, or custodian.
The above provision clarifies that the court should fashion a judgment that is first and foremost in the child's best interest. In the instant case, Jones had a history of engaging in physically violent behavior when he became angry. Jones had directed his violent outbursts at J.J. The court's determination that Jones should not have contact with J.J. until he submitted to a psychological evaluation to assess the danger he posed to J.J. and until he participated in anger management training was not clearly erroneous. Rather, the judgment comported with the mandate of IC § 31-34-19-6 in that it was the least restrictive intervention that was still in the child's best interest. In the end, it was Jones's choice to delay his psychological evaluation for months and to not participate at all in anger management services that kept him from establishing a relationship with J.J. We are satisfied that the findings support the conclusion and the court did not clearly err in terminating Jones's parental rights.
Judgment affirmed.
STATON and BAILEY, JJ., concur.
NOTES
[1] When asked why he did not complete the SHARE program or the parenting classes, Jones responded: "Things were just really difficult at the time. The situations in my life were just very difficult; I was having problems with housing, with a job. Things were justI was having complications at the time." Record at 277.